IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ CG ___ D.C.

05 DEC 15 AM 10: 47

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

```
                                    X
WILLIE H. JOHNSON,                  X
                                    X
        Plaintiff,                  X
                                    X
vs.                                 X     No. 05-2146-B/P
                                    X
DENYS YEAGER, et al.,               X
                                    X
        Defendants.                 X
                                    X
```

ORDER ASSESSING APPELLATE FILING FEE

Plaintiff Willie H. Johnson, Tennessee Department of Correction prisoner number 85389, an inmate at the West Tennessee State Penitentiary ("WTSP")[1] in Henning, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on February 23, 2005. The Court issued an order on May 11, 2005 that, inter alia, dismissed the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and certified that an appeal would not be taken in good faith. Judgment was entered on May 13, 2005. Plaintiff filed a notice of appeal on May 24, 2005, along with an in forma pauperis affidavit and inmate trust fund account statement.

In this Court's May 11, 2005 order, the plaintiff was advised that, in order to take an appeal, he must pay the $255 appellate filing fee. Plaintiff was further instructed that, if he

---

[1]  The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 12-16-05

(10)

wishes to take advantage of the installment procedures for paying the filing fee, he must comply with the procedures set out in McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997), and 28 U.S.C. § 1915(b).

In this case, as previously noted, plaintiff has properly completed and submitted an in forma pauperis affidavit containing a certification by the inmate trust fund official. He has also submitted a trust fund account statement.

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial appellate filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the filing of the notice of appeal. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the partial appellate filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the partial appellate filing fee is paid in full.

It is further ORDERED that after the partial appellate filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $255.00 appellate filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

> Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name, inmate number, and the case number on the first page of this order.

The plaintiff shall cooperate with prison officials in the making of these payments. If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to pay the initial filing fee within thirty days of entry of this order, the Clerk shall inform the Sixth Circuit of the prisoner's noncompliance, which will result in his appeal being dismissed. The Clerk shall then proceed

3

to collect the entire filing fee from the prisoner without regard to the installment payment provisions of the PLRA. That is, all amounts up to that fee will be withdrawn from the plaintiff's trust fund account until the fee is satisfied, without regard to initial or installment payment calculations. If the appeal is dismissed, it will not be reinstated once the fee is paid. McGore, 114 F.3d at 610.

The assessment of this fee does not supplant the previous assessment of the district court filing fee. Rather, plaintiff is now obliged to pay both fees. Furthermore, the assessment of the two fees must now be made simultaneously. That is, the trust fund custodian shall collect 20% of the previous month's income for the district court filing fee and simultaneously collect 20% of the same month's income for the appellate court fee. Thus, the prison shall collect 40% of the income each month, until the district court fee is paid, and then 20% until the appellate fee payment is complete. Lefkowitz v. Citi-Equity Group, Inc., 146 F.3d 609, 612 (8th Cir. 1998); Newlin v. Helman, 123 F.3d 429, 436 (7th Cir. 1997) (holding that "fees for filing the complaint and appeal cumulate").

The Clerk is ORDERED to mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison and to the United States Court of Appeals for the Sixth Circuit. Finally, the Clerk is ORDERED to forward a copy of this order to the warden of the WTSP to ensure that the

4

custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

IT IS SO ORDERED this  14th  day of December, 2005.

                                               J. DANIEL BREEN
                                               UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 10 in case 2:05-CV-02146 was distributed by fax, mail, or direct printing on December 16, 2005 to the parties listed.

---

Willie H. Johnson
WEST TENNESSEE STATE PENITENTIARY
85389
P.O. Box 1150 Site 2
Henning, TN 38041--115

Honorable J. Breen
US DISTRICT COURT